[Cite as *State v. Stephens*, 2017-Ohio-5868.]

# IN THE COURT OF APPEALS

## FIRST APPELLATE DISTRICT OF OHIO

## HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NOS. C-160653 |
| | | C-160654 |
| Plaintiff-Appellee, | : | TRIAL NOS. 16CRB-6265A |
| | | 16CRB-6265B |
| vs. | : | |
| ROBERT STEPHENS, | : | |
| | | *O P I N I O N.* |
| Defendant-Appellant. | : | |

Criminal Appeals From:  Hamilton County Municipal Court

Judgments Appealed From Are:  Affirmed in Part and Reversed in Part

Date of Judgment Entry on Appeal:  July 19, 2017

*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Judith Anton Lapp,* Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Laufman & Napolitano, LLC,* and *Paul Laufman*, for Defendant-Appellant.

**DETERS, Judge.**

{¶1}   Defendant-appellant Robert Stephens appeals from his convictions for failing to register his dogs under R.C. 955.21.  As part of Stephens's convictions, the trial court designated Stephens's dogs as dangerous dogs.  Because we determine that the trial court acted in contravention of R.C. 955.222 in making the dangerous-dog designations, we reverse that portion of the trial court's judgments.

## Facts and Procedural History

{¶2}   Stephens lived in his mother's home in Newtown, next door to Robert Rios.  Stephens's two dogs, a pit bull and a bulldog, attacked Rios's dog, a German Shephard named Luna.  Rios rescued Luna, with help from a neighbor; however, Luna sustained significant injuries.  During the course of the rescue, one or both of the dogs bit Rios and the neighbor.  Newtown police investigated and charged Stephens with two counts of failure to register a dog under R.C. 955.21, one for each dog.  The police also charged Stephens with two counts of failure to confine a dog under R.C. 955.22.

{¶3}   The matter proceeded to a bench trial.  The trial court granted Stephens's Crim.R. 29 motions as to the failure-to-confine charges, because Stephens's dogs had not previously been labeled "dangerous" under R.C. 955.222.  The trial court found Stephens guilty of the failure-to-register charges, and as part of his sentence, the trial court designated Stephens's dogs as dangerous under R.C. 955.222.  Stephens appeals.

## The Dangerous-Dog Statute

{¶4}   In his first assignment of error, Stephens argues that the trial court erred in designating his dogs as dangerous under R.C. 955.222.

{¶5}   A "dangerous dog" is one "that, without provocation, * * * has done any of the following: (i) Caused injury, other than killing or serious injury, to any person; (ii) Killed another dog; (iii) Been the subject of a third or subsequent violation of division (C) of section 955.22 of the Revised Code." R.C. 955.11(A)(1)(a). R.C. 955.222 sets forth a detailed procedure for declaring a dog "dangerous." R.C. 955.222(B) provides:

> If a person who is authorized to enforce this chapter has reasonable cause to believe that a dog in the person's jurisdiction is a * * * dangerous dog * * *, the person shall notify the owner, keeper, or harborer of that dog, by certified mail or in person, of both of the following: (1) That the person has designated the dog a * * * dangerous dog * * *;(2) That the owner, keeper, or harborer of the dog may request a hearing regarding the designation in accordance with this section. The notice shall include instructions for filing a request for a hearing in the county in which the dog's owner, keeper, or harborer resides.

At the designation hearing, the person who designated the dog as a dangerous dog has the burden to prove the designation by clear and convincing evidence. R.C. 955.222(C).

{¶6}   Assuming, without deciding, that a trial court could even be "a person who is authorized to enforce" R.C. 955.222, the trial court did not follow the procedure laid out in R.C. 955.222 in this case. The trial court made the dangerous-

3

dog designations as part of Stephens's criminal sentences on his failure-to-register convictions. The trial court did not give Stephens notice that he could challenge the designations at a hearing.

{¶7} According to the state, the trial court's actions in declaring Stephens's dogs "dangerous" did not prejudice Stephens, because he received notice that his dogs were deemed dangerous through the two failure-to-confine charges under R.C. 955.22. The state's argument is flawed in this case. According to the transcript of proceedings, the trial court found Stephens not guilty on the two failure-to-confine charges under R.C. 955.22, but then declared the dogs dangerous as part of the failure-to-register convictions. Therefore, the complaints alleging violations of R.C. 955.22 are not a part of this record. Moreover, if we were to accept the state's argument, then the state could forego the notice and hearing procedure laid out by the legislature in R.C. 955.222 and move straight to criminal prosecution for failure to confine under R.C. 955.22. The Ohio Supreme Court struck down a previous version of R.C. 955.22 as unconstitutional "find[ing] it inherently unfair that a dog owner must defy the statutory regulations and become a criminal defendant, thereby risking going to jail and losing her property, in order to challenge a * * * unilateral decision to classify her property." *State v. Cowan*, 103 Ohio St.3d 144, 2004-Ohio-4777, 814 N.E.2d 846, ¶ 13.

{¶8} Because the trial court acted in contravention of R.C. 955.222, we determine that the trial court erred in designating Stephens's dogs as dangerous dogs. We sustain Stephens's first assignment of error.

{¶9} In his second assignment of error, Stephens argues that the trial court's dangerous-dog findings were based on insufficient evidence. In light of our

4

disposition of Stephens's first assignment of error, his second assignment of error is moot.

## Conclusion

{¶10} In conclusion, we determine that the trial court erred in declaring Stephens's dogs to be dangerous dogs under R.C. 955.222, and we reverse those designations. We affirm the remainder of the trial court's judgments on Stephens's failure-to-register convictions.

Judgments affirmed in part and reversed in part.

**Mock, P.J.,** concurs.
**Zayas, J.,** concurs in judgment only.

Please note:
The court has recorded its own entry on the date of the release of this opinion.